IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TAMEIKA R. SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | **MEMORANDUM OPINION<br>AND RECOMMENDATION**<br><br>1:07CV864 |

Plaintiff, Tameika R. Smith, brought this action pursuant to Section 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. § 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits under Title XVI of the Social Security Act (the "Act"). The parties have filed cross-motions for judgment, and the administrative record has been certified to the court for review.

**Procedural History**

Plaintiff filed an application for Supplemental Security Income ("SSI") on February 20, 2003 (protective filing date), alleging a disability onset date of May 1, 1997. Tr. 75. The application was denied initially and upon reconsideration. Tr. 25, 29. Plaintiff requested a hearing de novo before an Administrative Law Judge (ALJ). Tr. 58. Present at the hearing, held on June 14, 2007, were Plaintiff and her attorney. Tr. 252. By letter from Plaintiff's attorney submitted during the hearing, the alleged onset date was amended to April 16, 2004. Tr. 160-61.

By decision dated June 26, 2007, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. Tr. 13-21. On September 12, 2007, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 5-7), thereby making the ALJ's determination the Commissioner's final decision for purposes of judicial review.

In deciding that Plaintiff is not entitled to benefits, the ALJ made the following findings, which have been adopted by the Commissioner:

> 1. The claimant has not engaged in substantial gainful activity since April 16, 2004. (20 CFR 416.920(b), 416.971 *et seq.*).
>
> 2. The claimant had the following severe impairments: diabetes, morbid obesity and bilateral tendinitis in feet. (20 CFR 416.920(c)).
>
> 3. The claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

Tr. 15.

He continued:

> 4. After careful consideration of the entire record, the undersigned finds that the claimant had the residual functional capacity to lift and carry up to 25 pounds frequently and 50 pounds occasionally, stand and walk up to 6 hours in an 8 hour workday and sit up to 8 hours in an 8 hour workday. The claimant retains the residual functional capacity to perform the requirements of medium level work.

Tr. 16.

> 5. Plaintiff has no past relevant work. (20 CFR 416.965).

6. The claimant was born on August 6, 1973 and was 31 years old, which is defined as a younger individual age 18-44, on the date the application was filed. (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English. (20 CFR 916.964).

8. Transferability of job skills in not an issue because the claimant does not have past relevant work. (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 CFR 916.960(c) and 416.966).

10. The claimant has not been under a disability, as defined in the Act, since February 20, 2003, the date the application was filed. (20 CFR 416.920(g)).

Tr. 20.

**Analysis**

In her brief before the court, Plaintiff argues that the Commissioner's findings are in error because (1) the ALJ failed to properly apply the treating physician rule in evaluating the opinion of Plaintiff's treating podiatrist, Dr. Mark A. Pifer; (2) the ALJ improperly required objective evidence to substantiate the severity of Plaintiff's subjective complaints of pain; and (3) the ALJ failed to consider obesity as an impairment. The Commissioner contends otherwise and urges that substantial evidence supports the determination that Plaintiff was not disabled.

Scope of Review

The Act provides that, for "eligible"[1] individuals, benefits shall be available to those who are "under a disability," defined in the Act as the inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C.§ 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Social Security Administration ("SSA"), by regulation, has reduced the statutory definition of "disability" to a series of five sequential questions (the "sequential evaluation process"). An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Act's listing of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 416.920 (2009).

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Consequently, the Act precludes a de novo review of the evidence and

---

[1] Eligibility requirements for SSI are at 42 U.S.C. § 1382(a).

requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Substantial evidence is:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that this conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

Issues

1. Treating Physician Rule

Dr. Pifer completed a Questionnaire to Physician Regarding Problems with Feet and Ankles on March 1, 2005. Tr. 187. He noted that Plaintiff's foot problems included instability, chronic joint pain, joint space narrowing and increased range of motion with weight bearing. Id. He described Plaintiff's pain as moderate. Id. He opined that Plaintiff can stand no more than 15 minutes at a time and occasionally needs to elevate her legs during a workday. He further stated that she is unable to

ambulate effectively, e.g., to walk a block at a reasonable pace on an uneven surface, to walk enough to shop or bank, or climb a few steps at a reasonable pace. Id.

Plaintiff argues that the ALJ failed to properly evaluate and weigh Dr. Pifer's medical opinion by not expressly applying the factors set forth in 20 C.F.R. § 416.927,[2] and discounting Dr. Pifer's opinion on the basis that it concerns issues reserved to the Commissioner. (docket no. 10 at 7.) The court disagrees. The ALJ gave consideration to the entire record, expressly discussing Dr. Pifer's reports as well as those of several examining and non-examining consulting physicians, Plaintiff's subjective complaints and her reports of daily activities. Tr. 17-20.

Even assuming that the ALJ erred in failing to expressly address the factors set forth in 20 C.F.R. § 416.927, the court cannot see how Plaintiff was prejudiced by this failure, and "will not remand '[a]bsent unfairness or prejudice.'" See Samons v. Astrue, 497 F.3d 813, 822 (8th Cir. 2007). The ALJ gave consideration to the entire record, expressly discussing Dr. Pifer's reports as well as those of several examining and non-examining consulting physicians, Plaintiff's subjective complaints

---

[2] The non-exclusive list includes: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist. Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir.2005) (citing 20 C.F.R. § 404.1527 (2005)).

and her reports of daily activities.[3]  Tr. 17-20.  Thus, the ALJ provided substantial evidence to support his decision.  As Plaintiff has pointed to no indication that the ALJ's discussion of these factors would have altered the ALJ's decision, the court is inclined to find that the ALJ's oversight is merely harmless error.  See Senne v. Apfel, 198 F.3d 1065, 1067 (8th Cir. 1999) (the court will not set aside an administrative finding based on an "arguable deficiency in opinion-writing technique" when it is unlikely to have affected the outcome); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) (refusing to remand where there was no "reason to believe that the remand might lead to a different result").

2. Credibility

In assessing complaints of pain, the ALJ must (1) determine whether there is objective evidence of an impairment which could reasonably be expected to produce the pain alleged by a plaintiff and, if such evidence exists, (2) consider a plaintiff's subjective complaints of pain, along with all of the evidence in the record.  See Craig v. Chater, 73 F.3d 585, 591-92 (4th Cir. 1996); Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994).  Although a claimant's allegations about pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and

---

[3] The findings of these consulting physicians and Plaintiff's reports of her daily activities are discussed in further detail below.

the extent to which the impairment can reasonably be expected to cause the pain the claimant alleges he suffers. A claimant's symptoms, including pain, are considered to diminish his or her capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. § 416.929(c)(4).

Plaintiff contends that "[t]he question is whether the record supports Plaintiff's reports of pain and the resulting degree of functional limitation." (docket no. 10 at 10.) Again, the court disagrees. The court's credibility review is limited to determining whether the ALJ's finding is supported by substantial evidence. Where the Commissioner's findings are supported by substantial evidence, they are conclusive, and this court may not reweigh the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982) (if there is substantial evidence to support the Commissioner's findings, they must be accepted on review even if the reviewing court disagrees with the Commissioner's conclusions).

The ALJ found that Plaintiff's subjective complaints of debilitating pain are inconsistent with her own reports of her activities of daily living. Tr. 19. There is substantial evidence supporting this finding. Plaintiff testified that she is unable to sit for eight hours (Tr. 259), but previously reported that she is able to sit without difficulty. Tr. 189. She also reported more than once to examining physicians that she is able to cook, do dishes, make her bed, drive, and sometimes do her laundry,

8

vacuum and grocery shop. Tr. 164, 189. It also appears that she was able to travel to Florida for the Thanksgiving holiday in 2006; a trip for which she canceled a scheduled appointment with her podiatrist. See Tr. 232; see also Mickles, 29 F.3d at 930 ("an unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility"). The ALJ is entitled to consider such inconsistencies, and indeed, absent evidence explaining the inconsistencies, they are strong indicators of the credibility of Plaintiff's subjective complaints. See SSR 96-7p, 61 Fed. Reg. 34483-01. Thus, the ALJ's finding that Plaintiff's ability to engage in these activities is inconsistent with her claims of disabling pain and an inability to perform basic work activities is supported by substantial evidence. See Johnson, 434 F.3d at 658.

The ALJ also noted that Plaintiff was often noncompliant with her medications and frequently missed doctors appointments. Tr. 19; see also SSR 96-7p, 61 Fed. Reg. 34483-01, 34487 (claimant's statements "may be less credible if the level or frequency of treatment is inconsistent with the level of complaints"). As noted by the Commissioner, Plaintiff now avers that she missed appointments because her ability to drive is impaired; however, this is inconsistent with her testimony that she drives up to three times a week. Tr. 264. It is also inconsistent with the previously mentioned note in Dr. Pifer's records that Plaintiff rescheduled an appointment (for a second time in a row) because she was traveling to Florida. Tr. 232.

9

Finally, the ALJ considered Plaintiff's testimony and found it to be inconsistent with the objective medical evidence. Tr. 17-18. Plaintiff was examined twice by consulting physician Dr. Paul Lance Walker, D.O., and twice was assessed to have essentially no physical limitations. See Tr. 164-166; 188-91. In June 2003, Dr. Walker reported that Plaintiff was able to walk, move on and off the exam table, and put on and take off her shoes, all with no apparent difficulty. Tr. 166. Her gait and range of motion were normal, and she was able to tandem walk, although she was not able to walk on her heels or tiptoes. Id. Dr. Walker concluded that Plaintiff's exam was "very normal" and that based on the exam, she should be able to perform medium level work without limitations except any postural limitations related to obesity. Id.

Dr. Walker examined Plaintiff again in May 2005. Tr. 188-91. He again reported that Plaintiff could walk comfortably and get off and on the exam table without difficulty. Tr. 190. Her gait was normal and she was able to tandem walk as well as walk on tiptoes. Id. Again, Dr. Walker concluded that Plaintiff had "a fairly normal functional exam," and he would expect her to be able to stand for up to six hours in an eight hours work day and sit with no limitation without difficulty. Tr. 191.

The ALJ also considered the opinions of three non-examining state agency physicians, two of whom found Plaintiff capable of medium level work. Tr. 17-18. Dr. Frank Virgili and Dr. Joel Dascal both reviewed the record evidence and concluded that Plaintiff is capable of medium level work. Tr. 179-86, 192-98. Cf.

20 C.F.R. § 416.929(c)(4) (claimant's symptoms, including pain, are considered to diminish her capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence). Thus, based on the record as a whole, the court finds that the ALJ's credibility assessment is supported by substantial evidence.

3. Obesity

The ALJ found Plaintiff's obesity to be, in combination with her other impairments, "severe." Tr. 15. SSR 02-1 directs that obesity will be found to be a severe impairment when, alone or in combination with other impairments, it significantly limits an individual's physical or mental ability to do basic work activity. SSR 02-1, 67 Fed. Reg. 57859. SSR 02-1p also requires the ALJ to consider obesity in assessing Plaintiff's residual functional capacity.

In this matter, the ALJ found that Plaintiff's morbid obesity is an impairment that is severe within the meaning of 20 C.F.R. § 416.920(c). Tr. 15. In finding that Plaintiff's obesity is severe, the ALJ by necessity considered the limitations arising from and secondary to obesity. The ALJ specifically stated that he took Plaintiff's obesity into consideration in formulating her residual functional limitation. Tr. 16. Accordingly, the ALJ sufficiently considered Plaintiff's obesity in combination with other limitations in determining Plaintiff's residual functional capacity.

**Conclusion and Recommendation**

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence, and the correct legal principles were applied. Therefore, **IT IS RECOMMENDED** that the Commissioner's decision finding no disability be **AFFIRMED**. To this extent, Plaintiff's motion for judgment on the pleadings (docket no. 9) seeking a reversal of the Commissioner's decision should be **DENIED**, Defendant's motion for judgment on the pleadings (docket no. 11) should be **GRANTED**, and this action should be **DISMISSED** with prejudice.

WALLACE W. DIXON
United States Magistrate Judge

June 16, 2010